UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF FLORIDA

CASE NO.

SUZETTE GUILLAUME, individually and on behalf
of persons similarly situated,

     Plaintiff,

v.

SELECT MEDICAL CORPORATION,
SELECT EMPLOYMENT SERVICES, INC., and
XYZ ENTITIES 1-10 (fictitious names of unknown liable entities),

     Defendants.

_____/

## COMPLAINT

Plaintiff, SUZETTE GUILLAUME, on behalf of herself individually and others similarly situated, hereby asserts the following causes of action:

## NATURE OF ACTION

1. Plaintiff brings this collective action for overtime compensation and other relief under the Fair Labor Standards Act ("FLSA"), 29 U.S.C. §201 *et seq.*, on behalf of herself and on behalf of other, similarly situated, current and former employees of Defendants, SELECT MEDICAL CORPORATION, and its divisions, subsidiaries and affiliates, however constituted, including but not limited to SELECT EMPLOYMENT SERVICES, INC. and XYZ ENTITIES 1-10, all doing business throughout the United States, including in Palm Beach County and throughout the State of Florida, within the jurisdiction of this Court (collectively as "Defendants").

2. The scope of this collective action is nationwide and include each and every State in the United States where any Defendant does business.

## PARTIES

3. Plaintiff, SUZETTE GUILLAUME, worked for Defendants as a non-exempt Certified Nursing Assistant (CNA) between approximately November 2009 and April 2011.  At all times material hereto, Plaintiff performed a substantial part of her work duties for Defendants in Palm Beach County, Florida, within the jurisdiction of this Court.

4. Based upon information and belief, Defendants, SELECT MEDICAL CORPORATION, SELECT EMPLOYMENT SERVICES, INC., and XYZ ENTITIES 1-10, are doing business at:  (a) more than one hundred (100) hospital locations in twenty-eight (28) different States, including facilities doing business as SELECT SPECIALTY HOSPITAL and REGENCY HOSPITAL at numerous locations in the State of Florida within the jurisdiction of this Court, as well as in Twenty-Seven (27) other States across the Country; and (b) more than Nine Hundred (900) rehabilitation centers in Thirty-Two (32) States throughout the United States. It is the intent of this collective action to apply to all similarly situated employees regardless of location.

5. Defendants, XYZ ENTITIES 1-10, comprise or operate one or more divisions, subsidiaries, or affiliated companies of SELECT MEDICAL CORPORATION. Defendants, XYZ ENTITIES 1-10, are fictitious names for companies, partnerships, joint ventures, corporations, or other entities responsible for the wrongful conduct and labor practices causing harm to the Plaintiff and those similarly situated, as further alleged herein.  The true names and capacities of these XYZ ENTITIES 1-10 are unknown to Plaintiff at this time, but

Plaintiff will further amend the Complaint when and if the true names of said defendants become known such that they can be correctly named.

6. Defendants directly or indirectly acted in the interest of an employer toward Plaintiff and other similarly situated, non-exempt hourly employees at all material times, including without limitation directly or indirectly controlling the terms of employment and compensation of Plaintiff and others similarly situated. Alternately, Defendants, SELECT MEDICAL CORPORATION and each of its respective divisions, subsidiaries or affiliates, however constituted, including but not limited to SELECT EMPLOYMENT SERVICES, INC. and XYZ ENTITIES 1-10, were joint employers of Plaintiff and other similarly situated non-exempt hourly employees because each, respective division, subsidiary or affiliate acts directly or indirectly in the interest of the other in relation to such Plaintiff and such similarly situated persons. As a further alternative, SELECT MEDICAL CORPORATION and each of their divisions, subsidiaries or affiliates, however constituted for the location(s) at issue, including but not limited to SELECT EMPLOYMENT SERVICES, INC. and XYZ ENTITIES 1-10, were joint employers of the Plaintiff and the similarly situated non-exempt hourly employees because they commonly controlled the terms of compensation and employment of Plaintiff and others similarly situated, and are not completely disassociated with respect to the terms of compensation and employment of Plaintiff and others similarly situated. As a final alternative, Defendants, SELECT MEDICAL CORPORATION and each of their divisions, subsidiaries or affiliates, however constituted for the location(s) at issue, including but not limited to SELECT EMPLOYMENT SERVICES, INC. and XYZ ENTITIES 1-10, directly or indirectly acted in the interest of an employer toward Plaintiff and other similarly situated non-exempt hourly employees at all of Defendants' locations at all

material times, including without limitation directly or indirectly controlling the terms of employment and compensation of Plaintiff and others similarly situated.

## COLLECTIVE ACTION ALLEGATIONS

7. This collective action includes Defendants' current and former CNAs, Registered Nurses (RN), and other similarly situated non-exempt hourly employees, in one or more subclasses, however variously titled, at any location or facility of every division, subsidiary, or affiliate of Defendants, however constituted, including but not limited to XYZ ENTITIES 1-10 -- who worked in excess of forty (40) hours ("overtime hours") per workweek in one or more workweeks on or after April 2009, and who did not receive overtime rate of pay for all of their overtime hours within such workweeks based upon Defendants' policies or practices, including Defendants' policy or practice of deducting 30 minutes each day for lunch, without regard to whether Plaintiff and the others similarly situated took a bona fide, uninterrupted meal break (collectively, the "Asserted Class" or as those employees "similarly situated," in one or more subclasses).

8. The material time for the claims under the FLSA in this case is the **three-year period** prior to the date of each Plaintiff's or similarly situated person's opting into this action, and the period of additional time, if any, that each such person's claims were tolled or extended by agreement of one or more Defendants, by equity, or by operation of law.

9. At all times hereto, Plaintiff and all the similarly situated current and former employees in the Asserted Class were performing their duties for the benefit of and on behalf of Defendants.

10. Plaintiff and the other similarly situated current and former employees in the Asserted Class regularly worked overtime hours.

11. At all times material to this Complaint, based upon its policies or practices of failing to credit Plaintiff and all similarly situated current and former employees in the Asserted Class for all of their overtime hours worked, including the policy or practice of deducting 30 minutes each day for lunch regardless of whether a bona fide, uninterrupted meal break actually was taken, Defendants failed to pay Plaintiff and similarly situated persons properly for all overtime hours worked (that is, all of the hours worked in excess of forty (40)) within a workweek). Defendants' failure to compensate Plaintiff and the similarly situated current and former employees in the Asserted Class constitutes a violation of the FLSA.

12. Plaintiff and those similarly situated were entitled to an overtime rate of pay equal to time and one-half wages for overtime hours worked (the "overtime rate of pay").

13. In the course of employment with Defendants, the Plaintiff and the other current and former employees similarly situated were not paid their overtime rate of pay for all of their actual overtime hours worked.

14. There are estimated to be thousands of current and former employees within the Asserted Class for this collective action during the material time who are similarly situated to Plaintiff. With such numbers of similar claims for unpaid overtime compensation, a collective action is a superior procedure for adjudicating such claims. Plaintiff requests that the Court authorize and supervise notice to the members of the asserted class so that all claims may be resolved efficiently in a single proceeding.

15. The records, if any, concerning the members of the asserted class, the number of hours actually worked by Plaintiff and all other similarly situated employees, and the

compensation actually paid, or not paid, to such employees should be in Defendants' possession, custody or control.

## FURTHER JURISDICTIONAL ALLEGATIONS

16. Venue is proper in this Court pursuant to 28 U.S.C. § 1391. A substantial part of the events or omissions giving rise to claims in this Complaint occurred within the jurisdiction and state within which this Court sits so as to give rise to venue and personal jurisdiction.

17. Subject matter jurisdiction is conferred on this Court by Title 28 U.S.C. §1337 and by Title 29 U.S.C. §216(b).

18. At all times material to this Complaint, Defendants, individually and/or collectively, have employed two (2) or more employees who have regularly sold, handled, or otherwise worked on goods and/or materials that have or had been moved in or produced for commerce

19. At all times material to this Complaint, Defendants were, individually, and/or collectively, engaged in interstate commerce or in the production of goods for commerce as defined in 29 U.S.C. §203(r) and 203(s).

20. At all times material to this Complaint, the annual gross sales volume of the Defendants, individually and/or collectively, was in excess of $500,000.00 per annum.

21. At all times material hereto, Defendants have constituted an enterprise engaged in interstate commerce or in the production of goods for commerce as defined by the FLSA, 29 U.S.C. §203(s).

## DAMAGES, LIQUIDATED DAMAGES AND OTHER RELIEF

22. Plaintiff has retained the Shavitz Law Group, P.A to represent her, and Plaintiff has incurred, and will continue to incur, attorneys' fees and costs accordingly, which are a proper part of the relief sought in this action.

23. Plaintiff and those similarly situated seek to recover relief from Defendants that includes, but is not limited to, overtime compensation, liquidated damages, and the costs and reasonable attorneys' fees under the provisions of the FLSA.

## COUNT I

24. Plaintiff readopts and realleges here all allegations contained in Paragraphs 1 through 23 above.

25. Plaintiff is entitled to be paid her overtime rate of pay for each hour worked in excess of forty (40) hours per work week during the three (3) year statute of limitations period between approximately November 2009 and April 2011.

26. All similarly situated employees in the asserted class are likewise owed their respective overtime rate of pay for each overtime hour they worked and were not properly paid.

27. Defendants' actions were intentional, willful and unlawful.

28. By reason of the said intentional, willful and unlawful acts of Defendants, all Plaintiffs (Plaintiff and those similarly situated to her) have suffered, and those still employed continue to suffer, damages plus incurring costs and attorneys' fees in bringing this action.

29. As a result of Defendants' willful violation of the FLSA, all Plaintiffs (Plaintiff and those similarly situated to her) are entitled to liquidated damages.

30. Plaintiff demands a jury trial on all counts.

WHEREFORE, Plaintiff, SUZETTE GUILLAUME, and those similarly situated to her who have or will opt into this action, demand judgment against Defendants, SELECT MEDICAL CORPORATION, SELECT EMPLOYMENT SERVICES, INC., and XYZ ENTITIES 1-10, jointly and severally, for all damages, including without limitation the payment of all overtime hours at the respective overtime rates of pay due Plaintiff and those similarly situated for the hours worked by them for which they have not been properly compensated, liquidated damages, reasonable attorneys' fees, costs of suit, prejudgment interest, and all other available relief.

Dated: April 26, 2012
       Boca Raton, Florida

Respectfully Submitted,

Gregg I. Shavitz
Florida Bar No. 11398
E-mail: gshavitz@shavitlaw.com
Keith M. Stern
Florida Bar No. 321000
E-mail: kstern@shavitzlaw.com
SHAVITZ LAW GROUP, P.A.
1515 South Federal Hwy, Suite 404
Boca Raton, Florida 33432
Telephone: 561-447-8888
Facsimile: 561-447-8831
Attorneys for Plaintiff

## CONSENT TO JOIN FORM

1.    I consent to be a plaintiff in a lawsuit against Defendant(s), Select Medical Corp , and/or related entities and individuals in order to seek redress for violations of the Fair Labor Standards Act, pursuant to 29 U.S.C. § 216(b).

2.    I hereby designate the Shavitz Law Group, P.A. to represent me in bringing such claim, and to make decisions on my behalf concerning the litigation and settlement. I agree to be bound by any adjudication of this action by the Court, whether it is favorable or unfavorable.

3.    I also consent to join any other related action against Defendant(s) or other potentially responsible parties to assert my claim and for this Consent Form to be filed in any such action.

x _Suzette Guillaume_
Signature

x _Suzette Guillaume_
Print Name