UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF FLORIDA
WEST PALM BEACH DIVISION

Case No.: 12-CV-80447-RYSKAMP/HOPKINS

SUZETTE GUILLAUME,

    Plaintiff,

v.

SELECT MEDICAL CORPORATION et al.,

    Defendants.
    _____/

## ORDER GRANTING DEFENDANTS' MOTION FOR SUMMARY JUDGMENT

**THIS CAUSE** comes before the Court on Defendants' motion for summary judgment **[DE 42]** filed on July 22, 2013.  Plaintiff filed a response in opposition **[DE 47]** on August 19, 2013.  Defendants replied **[DE 57]** on August 29, 2013.  A hearing was held on the motion on September 12, 2013.  This motion is ripe for adjudication.

**I.**    **Background**

Plaintiff Suzette Guillaume ("Plaintiff") brings this action for unpaid overtime compensation under the Fair Labor Standards Act, 29 U.S.C. §§ 201 *et seq.* ("FLSA").  She claims Defendants Select Medical Corporation and Select Employment Services, Inc. (collectively, "Defendants") failed to pay her for time worked during unpaid meal breaks. Defendants maintains that Plaintiff fails to demonstrate (1) she performed overtime work for which she was not paid and (2) Defendants had actual or constructive knowledge that she worked meal breaks without pay.

1

Plaintiff was a nurse for Defendants from November 2009 to April 2011. She worked predominantly on the night shift between the hours of 7:00 p.m. and 7:30 a.m. Due to the nature of her job, she did not have a regularly scheduled meal break. Rather, Defendants automatically deducted 30 minutes from each full shift as an unpaid meal break. If Plaintiff worked through her meal break, she was required to obtain approval from her supervisor and complete a Time Clock Adjustment Form (the "Form") to be compensated for her time worked. Plaintiff completed the Form on twelve different occasions to adjust for time worked at the beginning or end of a shift. She did not submit the Form for missed meal breaks, however.

At her orientation, Plaintiff was shown a Power Point presentation regarding the meal break policy and received a copy of Defendants' employee handbook. The Power Point presentation pertaining to the meal break policy stated:

> Meal Breaks
> - The system auto deducts 30 minutes are 6 hours for the first meal break.
> - The system auto deducts an additional 30 min after 14 ½ hours for second meal
> - Must clock out when leaving the unit for meal break
> - When work load prevents you from taking a meal break, submit a manual exception slip so no deduction is taken
> - If clinical staff's meal break is interrupted by business demands, either the entire 30 minutes will be paid or an additional 30 minute break will be given[1]

The employee handbook contained a section pertaining to "Meal Breaks," and referred employees to the Select Medical Human Resources Policies and Procedures Manual (the "Manual"). Copies of the Manual were available throughout Defendants' hospital and on the intranet. In pertinent part, the Manual stated

> The clock is programmed to deduct a 30-minute meal break after an employee works at least 6 hours into their shift. A second 30-minute meal break will be deducted if the employee works a shift beyond 13.5 hours. . . . An authorized "no

---

[1] In a post-deposition declaration, Plaintiff testified she was not shown any presentation regarding a meal break. As discussed below, the statements made in Plaintiff's declaration are inherently contradictory to her deposition testimony, and as such, her declaration is stricken.

2

>meal break" or extended meal break requires prior approval and an adjustment to be made by the employee's supervisor.

Plaintiff signed a document stating she understood the meal break policy and that she could only work through her lunchtime with prior approval from a supervisor.

Plaintiff contends she never took a meal break in her eighteen months of employment. She claims she was never paid for the 30 minutes deducted during each shift. Despite her attendance at orientation and her signature averring she understood the meal break policy, Plaintiff claims she did not submit the Form for missed meal breaks because she did not know that it was required. Plaintiff knew that she should be paid for the time worked during meal breaks, but she never contacted a supervisor or human resources to complain about not being compensated. Defendants now move for summary judgment on Plaintiff's claim.

## II.     Legal Standard for Summary Judgment

"The court shall grant summary judgment if the movant shows that there is no genuine dispute as to any material fact and the movant is entitled to judgment as a matter of law." Fed. R. Civ. P. 56(a). The movant "always bears the initial responsibility of informing the district court of the basis for its motion, and identifying those portions of 'the pleadings, depositions, answers to interrogatories, and admissions on file, together with the affidavits, if any,' which it believes demonstrate the absence of a genuine issue of material fact." *Celotex Corp. v. Catrett*, 477 U.S. 317, 323 (1986) (quoting Fed. R. Civ. P. 56(c)(1)(A)). Where the non-moving party bears the burden of proof on an issue at trial, the movant may simply "[point] out to the district court that there is an absence of evidence to support the nonmoving party's case." *Id.* at 325.

After the movant has met its burden under Rule 56(c), the burden shifts to the non-moving party to establish that there is a genuine issue of material fact. *Matsushita Elec. Indus. Co., Ltd. v. Zenith Radio Corp.*, 475 U.S. 574, 585 (1986). Although all reasonable inferences

are to be drawn in favor of the non-moving party, *Anderson v. Liberty Lobby, Inc.*, 477 U.S. 242, 255 (1986), he "must do more than simply show that there is some metaphysical doubt as to the material facts." *Matsushita*, 475 U.S. at 586. The non-moving party may not rest upon the mere allegations or denials of the adverse party's pleadings, but instead must come forward with "specific facts showing that there is a *genuine issue for trial*." *Id.* at 587 (citing Fed. R. Civ. P. 56(e)). "Where the record taken as a whole could not lead a rational trier of fact to find for the non-moving party, there is no 'genuine issue for trial.'" *Id.* "A mere 'scintilla' of evidence supporting the opposing party's position will not suffice; there must be enough of a showing that the jury could reasonably find for that party." *Walker v. Darby*, 911 F.2d 1573, 1577 (11th Cir. 1990). If the non-moving party fails to make a sufficient showing on an essential element of his case on which he has the burden of proof, the moving party is entitled to a judgment as a matter of law. *Celotex Corp.*, 477 U.S. at 323.

**III.  Discussion**

Under the FLSA, an employer may not employ his employee for a workweek longer than forty hours unless his employee receives overtime compensation at a rate not less than one and a half times his regular rate. 29 U.S.C. § 207(a)(1). Plaintiff is arguing she performed 'work' during mealtimes; therefore, she is arguing she did not receive overtime compensation in violation of the FLSA. *See Hertz v. Woodbury Cnty.*, 566 F.3d 755, 783 (8th Cir. 2009) ("The gravamen of Plaintiffs' complaint is that they performed 'work' during mealtimes, [they are essentially arguing] that the work amounted to overtime because it was in addition to their already-scheduled, eight-hour shift, and the work during these mealtimes went uncompensated.").

4

To recover on a claim for unpaid overtime wages, a plaintiff must prove she was suffered or permitted to work without compensation. 29 U.S.C. § 201 *et seq.* "Courts have interpreted this to mean that a FLSA plaintiff must demonstrate that (1) he or she worked overtime without compensation and (2) the [employer] knew or should have known of the overtime work." *Allen v. Bd. of Pub. Educ. for Bibb Cnty.*, 495 F.3d 1306, 1314–15 (11th Cir. 2007); *see also* 29 C.F.R. § 785.11 (interpreting the "suffer or permit to work" requirement to mean that an employer violates the FLSA when it "knows or has reason to believe that he is continuing to work and the time is working time."). Thus, Defendants are entitled to summary judgment unless Plaintiff can demonstrate by a preponderance of the evidence that she worked through meal breaks without compensation and Defendants had knowledge, actual or constructive, of this fact.[2]

### A.   Performance of Uncompensated Overtime Work

A person is employed if he or she is suffered or permitted to work. 29 U.S.C. § 203(g). It is not relevant why the employee performed the work or whether the employer asked the employee to perform the work. *See id.*; 29 C.F.R. § 785.11. Although a FLSA plaintiff bears the burden of proving that he or she worked overtime without compensation, "[t]he remedial nature of this statute and the great public policy which it embodies ... militate against making that burden an impossible hurdle for the employee." *Anderson*, 328 U.S. at 387. "[I]t is the employer's duty to keep records of the employee's wages, hours, and other conditions and

---

[2] The burden-shifting analysis in *Anderson v. Mt. Clemens Pottery Co.*, 328 U.S. 680 (1946) is not relevant to the inquiry of whether Defendants violated the terms of the FLSA in regards to Plaintiff's employment. *Anderson* directs that courts adopt a lower standard of proof in regards to a plaintiff's claims for damages under the FLSA when a defendant's records are inaccurate and the plaintiff cannot offer convincing substitutes. *See* 328 U.S. at 687. It does not alter a plaintiff's burden to demonstrate that a defendant violated the FLSA, however. *See Debose v. Broward Health*, No. 08-61411, 2009 WL 4884535, at *13 (S.D. Fla. Dec. 17, 2009) ("The holding of Anderson addresses the degree of certainty with which an FLSA plaintiff must prove his damages."); *Santelices v. Cable Wiring*, 147 F.Supp.2d 1313, 1329 (S.D. Fla. 2001) ("[A]lthough the Supreme Court established a standard for awarding damages when the evidence of damages is inexact or imprecise, it did not eliminate the employee's burden to prove that he has in fact performed work for which he was not paid.").

practices of employment. *Id.* To survive summary judgment Plaintiff must demonstrate a genuine issue of fact as to whether Defendants' records are accurate. Based on the record, Plaintiff has failed to demonstrate she worked overtime hours for which she was not compensated.

There is no reasonable basis to question the accuracy of Defendants' records. They establish (1) what hours Plaintiff worked, (2) for which weeks, and (3) the rates Plaintiff was compensated for her work. Thus, the records are "proper and accurate." *See e.g.*, *Solano v. A. Navas Party Prod., Inc.*, 728 F. Supp. 2d 1334, 1343 (S.D. Fla. 2010). Plaintiff has not produced any persuasive facts to support her claim that she worked through her meal breaks. She maintained no records of her missed meal breaks. She relies on the assertion that her supervisors "knew" she worked through her meal breaks, although she admits she never told a supervisor or anyone at the hospital she did so. No supervisor or nurse corroborated Plaintiff's claim that she never took meal breaks. Plaintiff also relies on a post-deposition declaration stating she was required to write down the times she took meal breaks for the proposition that Defendants wrongfully deducted 30 minutes from her time clock. This testimony, however, is at odds with her testimony given in her deposition, and therefore, it is stricken from the record. *See Van T. Junkins & Assocs., Inc. v. U.S. Indus.., Inc.*, 736 F.2d 656, 656 (11th Cir. 1984) (holding district court properly found a plaintiff's affidavit in opposition to summary judgment, which contradicted his earlier deposition testimony, was sham).[3] What the Court is left with, then, is

---

[3] Plaintiff submitted a declaration in support of her response in opposition to Defendants' motion for summary judgment that is riddled with inconsistencies when compared to her deposition testimony. In her deposition she testifies she never took a meal break; in her declaration she testifies she was interrupted by a supervisor when she attempt to take meal breaks. In her deposition she never mentioned she was required to write down her meal break start and stop times; in her declaration she states she was required to do so. (Moreover, absent testimony Plaintiff provided a list of her meal breaks to Defendants, this claim is flawed.) In her deposition, Plaintiff had little recollection of what was discussed during orientation; in her declaration Plaintiff avers she was not shown the Power Point presentation and was given express instructions regarding time clock adjustments. Plaintiff may not attempt to create a genuine issue of material fact with a declaration that contradicts, without

Plaintiff's lone and unsubstantiated assertion that her supervisors knew she skipped her meal breaks as evidence that Plaintiff did, in fact, skip her meal breaks and Defendants' time records were inaccurate. "[U]nder the FLSA, the employee bears the burden to show that his or her mealtimes were compensable work." *Hertz*, 566 F.3d at 784. Plaintiff was in the best position to prove she worked during her mealtime; "[t]o require . . . [Defendants] to prove a negative—that an employee was not performing 'work' during a time reserved for meals—would perversely incentivize employers to keep closer tabs on employees . . . ." *Id.* The totality of credible evidence fails to establish that Plaintiff performed overtime work for which she was not paid. Accordingly, her FLSA claim fails.

### B. Defendants' Actual or Constructive Knowledge

Even if Plaintiff could prove she did work through her meal breaks, she has failed to demonstrate Defendants had actual or constructive knowledge of such work. When an "employee fails to notify the employer . . . of the overtime work, the employer's failure to pay for the overtime hours is not [an FLSA] violation." *Debose*, 2009 WL 4884535, at *11 (citing *Newton v. City of Henderson*, 47 F.3d 746 (5th Cir. 1995)). If, as here, an employer adopts a reasonable process for an employee to report overtime, "the employer is not liable for non-payment if the employee fails to follow the established process." *White*, 699 F.3d at 876. This "prevents the employer from knowing its obligation to compensate the employee and thwarts the employer's ability to comply with the FLSA." *Id.*; *see Forrester v. Roth's I.G.A. Foodliner, Inc.*, 646 F.2d 413, 414–15 (9th Cir.1981).

---

explanation, her prior testimony. *See Van T. Junkins & Assocs., Inc.*, 736 F.2d at 657. Plaintiff provided no explanation for her contradictions, and therefore, her declaration is stricken from the record. *See White v. Baptist Mem'l Health Care Corp.*, 699 F.3d 869, 873 (6th Cir. 2012) (affirming district court's decision to strike contradictory post-deposition declaration without explanation as to its inconsistencies).

To be clear, the issue here is not whether Defendants "could have known [Plaintiff] was working overtime hours," but "whether [they] should have known." *Newton*, 47 F.3d at 749. The relevant knowledge is not "'I know that the employee was working,' but 'I know the employee was working and not reporting his time.'" *White*, 699 F.3d 869 (citing *Forrester v. Roth's I.G.A. Foodliner, Inc.*, 646 F.2d 413, 414 (9th Cir. 1981)). Automatic meal break deduction systems, like the one utilized by Defendants, are lawful under the FLSA. *See id.* at 873; *Debose*, , 2009 WL 4884535, at *2. Thus, Plaintiff must show that there is a triable issue of fact as to whether Defendants knew or should have known she worked through her meal breaks without pay. Plaintiff fails in this respect.

First, Plaintiff fails to show Defendants had actual knowledge of her unpaid overtime. Plaintiff concedes she knew she was supposed to be paid for time spent working through meal breaks; yet, she did not notify anyone she was not compensated. *Cf. Allen*, 495 F.3d at 1318–19 (court found triable issue of fact as to whether a defendant had actual knowledge when the plaintiffs testified they notified their supervisors that they worked overtime and did not receive pay). While Plaintiff contends she did not know that the Form was to be used to report time worked during meal breaks, she signed a document stating she understood the meal policy and that she had to obtain approval from a supervisor to receive compensation for such time worked. Any argument that the Form was confusing and presented a burden to receiving adjusted compensation for time worked is moot. Plaintiff used the Form twelve times during the course of her employment for time clock adjustments and was compensated accordingly. Therefore, Plaintiff fails to demonstrate Defendants had actual notice that she worked through meal breaks without compensation.

Second, Plaintiff fails to show Defendants had constructive knowledge of her unpaid overtime.  "An employer is said to have constructive knowledge of its employee's overtime work when it has reason to believe that its employee is working beyond his shift.  The employer's knowledge is measured in accordance with [its] duty . . . to inquire into the conditions prevailing in his business."  *Allen*, 495 F.3d at 1319.  While an employer "does not rid himself of that duty because of the extent of the business may preclude his personal supervision," *Reich v. Dep't of Conservation & Nat'l Res.*, 28 F.3d 1076, 1082 (11th Cir. 1984), "[a]n employer must have an opportunity to comply with the provisions of the FLSA."  *Forrester*, 646 F.2d at 414–15.  Thus, an employee's failure to notify an employer of her overtime work renders the employer's failure to pay overtime compensation non-actionable.  *See Newton*, 47 F.3d at 746.

While Plaintiff did not notify Defendants she worked through meal breaks, she claims Defendants should have known because her supervisors must have known based on her activities at work.  This argument has been squarely rejected by courts.  *See Hertz*, 566 F.3d at 783 ("Access to records indicating that employees were working overtime, however, is not necessarily sufficient to establish constructive knowledge."); *Newton*, 47 F.3d at 749 (holding that knowledge of the plaintiff's activities, alone, was insufficient to attribute constructive knowledge to the defendant that the plaintiff worked through meal breaks).  Even if Plaintiff could establish her supervisors knew that she worked through meal breaks, that, by itself, is insufficient to credit Defendants with knowledge that she did so without pay.  *See Gaylord v. Miami-Dade Cnty.*, 78 F. Supp. 2d 1320, 1325 (S.D. Fla. 1999) (granting summary judgment to employer where it had "no independent means of knowing" how the plaintiff spent time he was not claiming as compensable).  Like *Newton*, Defendants had specific procedures for Plaintiff to follow in order to be paid overtime, and she ignored those procedures.  As the court stated:

> If we were to hold that the City had constructive knowledge that [the officer] was working overtime because [his City supervisor] had the ability to investigate whether or not [the officer] was truthfully filling out the City's payroll forms, we would essentially be stating that the City did not have the right to require an employee to adhere to its procedures for claiming overtime.

*Newton*, 47 F.3d at 749.

Moreover, Plaintiff points to no evidence that the Hospital discouraged or prevented employees from utilizing Time Clock Adjustment Forms to report time worked during their meal breaks. *See Brennan v. Gen. Motors Acceptance Corp.*, 482 F.2d 825, 827 (5th Cir. 1973) (court found constructive knowledge where the supervisors pressured employees to understate their hours); *See Allen*, 495 F.3d at 1322 (finding there was genuine dispute of material fact as to whether an employer should have known of plaintiffs' uncompensated overtime work where plaintiffs testified that the employer instructed plaintiffs to falsely time sheets). To the contrary, Plaintiff completed twelve Forms and was paid all twelve times.

Based on the evidence presented, Plaintiff does not show that Defendants *should* have known she worked through meal breaks without pay. Plaintiff did not notify Defendants she was not paid for her time worked. Mere access to Plaintiff's records or knowledge of her supervisors is not enough. "It would not be reasonable to require that [Defendants] weed through . . . records to determine whether or not its employees were working beyond their scheduled hours. This is particularly true given the fact that [Defendants have] an established procedure for overtime claims that [Plaintiff] regularly used." *Hertz*, 566 F.3d at 783. Therefore, the Court holds that Defendants are entitled to summary judgment on Plaintiff's claim for unpaid overtime.

## IV. Conclusion

The Court has carefully considered the motion, response, reply, applicable law, and pertinent portions of the record. For the foregoing reasons, it is hereby

**ORDERED AND ADJUDGED** that Defendants' motion for summary judgment **[DE 42]** is **GRANTED**. Final judgment in favor of Defendants will be entered by separate order.

**DONE AND ORDERED** in Chambers at West Palm Beach, Florida this 4 day of November, 2013.

/s/ Kenneth L. Ryskamp
KENNETH L. RYSKAMP
UNITED STATES DISTRICT JUDGE